[821 NYS2d 498]

In the Matter of M. Helene Hamlin, an Attorney, Respondent. Grievance Committee of the Fifth Judicial District, Petitioner.

Fourth Department, September 29, 2006

---

### APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Associate Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Tod M. Lascurettes*, Utica, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 17, 1984, and, during the time periods relevant to the two proceedings at issue herein, maintained offices for the practice of law in Utica and Ilion. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from her representation of a client who required estate and Medicaid planning services. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm. The parties appeared before this Court for argument of the motion, and respondent submitted matters in mitigation.

During the pendency of the first proceeding, the Grievance Committee filed a second petition charging respondent with acts of misconduct arising from her representation of a client in an unrelated matter. Respondent filed an answer denying material allegations of the petition and a different referee was appointed to conduct a hearing. Prior to the hearing, however, respondent submitted a proposed resignation from the practice of law in which she admitted the allegations of the second petition.

Respondent has admitted in her affidavit of resignation that, in her capacity as trustee for several trusts, she misappropriated trust funds, failed to preserve the principal and engaged in other acts of misconduct. Additionally, respondent states in her affidavit that the resignation is voluntarily submitted and that she has no defense to the charges. She consents to the entry of an order directing the payment of restitution in that proceeding.

The resignation of respondent complies with Rules of the Appellate Division, Fourth Department (22 NYCRR) § 1022.26 (a). We accept the resignation, strike respondent's name from the roll of attorneys and direct respondent to make restitution pursuant to the order entered herewith.

With respect to the charges in the first petition, the Referee found, inter alia, that respondent had been paid a fixed fee in advance for estate and Medicaid planning. In a Medicaid application filed on behalf of her client with the Department of Social Services (DSS), respondent listed and deducted her legal fee. After DSS questioned the legitimacy of her fee, respondent made substantial reimbursement to the client of legal fees as well as fees paid by the client for other professional services. The Referee found that the legal fee charged and collected by respondent for Medicaid planning exceeded the customary fee charged in that locality for similar legal services and that respondent had not presented proof that the legal work that she had performed was novel or difficult, that she was precluded from accepting other employment by virtue of her representation of the client, that special time constraints were involved in the representation or that she had a reputation for or possessed extraordinary ability in that type of matter.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer; and

DR 2-106 (a) (22 NYCRR 1200.11 [a])—entering into an agreement for, charging or collecting an excessive fee.

In view of our determination accepting respondent's resignation submitted in satisfaction of the second petition, no sanction need be imposed for the misconduct at issue in the first petition.

SCUDDER, J.P., GORSKI, GREEN and PINE, JJ., concur.

Order entered accepting resignation, striking name from roll of attorneys and directing payment of restitution.